UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NHA DAC HO, | ) Case No. SACV 08-655 VBF(JC) |
| Petitioner, | ) <s>(PROPOSED)</s> ORDER ADOPTING FINDINGS, CONCLUSIONS, AND |
| v. | ) RECOMMENDATIONS OF UNITED STATES MAGISTRATE |
| JAMES E. TILTON, Director, | ) JUDGE |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and adopts the material findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.[1]

---

[1] To the extent petitioner contends that the Report and Recommendation with respect to Dr. Dugan is factually incorrect because such physician ultimately backtracked on opinions

(continued...)

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the United States Magistrate Judge's Report and Recommendation, and the Judgment herein on counsel for petitioner and respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  10/12/11

_____
HONORABLE VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
initially expressed, this Court notes that the trier of fact was free to accept the opinions originally expressed by such physician and that in assessing the sufficiency of the evidence, the Court, as noted in the Report and Recommendation, must view the evidence in the light most favorable to the prosecution.  The Court further notes, in any event, that irrespective of the opinions of Dr. Dugan, the testimony of Dr. Hulka was sufficient to establish that the victim died of blunt force trauma to the head.  Petitioner's suggestion that the Court's reliance on Dr. Hulka's testimony is misplaced are not persuasive.